**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs, | § | Civil Action No. 2:17-cv-00737 |
| v. | § | PATENT CASE |
| HUAWEI DEVICE USA, INC. and<br>HUAWEI DEVICE CO. LTD.,<br><br>Defendants. | § | JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Huawei America, Inc. ("Huawei"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 303, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Huawei Device USA, Inc. ("Huawei USA") is a Texas corporation having a regular and established principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024. Huawei USA offers its products and/or services, including those accused herein of

infringement, to customers and potential customers located in Texas and in the judicial Eastern District of Texas. Huawei USA may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Huawei Device Co. Ltd. ("Huawei China") is a Chinese having a principal place of business Bantian, Longgang District, Shenzen, 518129 China. Huawei China does business in Texas and in the judicial Eastern District of Texas. Huawei China is in the business of, *inter alia*, manufacturing and selling electronic goods, including smartphones, tablets and laptops that are sold in this judicial District.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Huawei due, *inter alia*, to Huawei's continuous presence in, and systematic contact with, this District and Huawei USA's incorporation in Texas.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(c) and 1400(b).

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,653,508)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,653,508 ("the '508 Patent"), entitled HUMAN ACTIVITY MONITORING DEVICE that issued on January 26, 2010. A true and correct copy of the '508 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the ’508 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Huawei manufactures, uses, sells, offers for sale and/or imports into the United States electronic devices, including those designated: Nova 2, Nova 2 Plus, Nova, Nova Plus, Y7, Y7 Prime, Y3 2017, Y5 2017, Y6II, Y5II, Y3II, GR5 2017, G8, GT3, GR5, P10, P10 Plus, P10 Lite, P9, P9 Plus, P9 Lite, Mate S, Mate 8, Porsche Design Huawei Mate 9, Mate 9 Pro, Mate 9, Huawei Watch, Huawei Watch 2, Huawei Fit or equivalent devices, equipped with motion sensors, and associated software/applications, such as Huawei Health.

12. Huawei has directly infringed, and continues to directly infringe, one or more claims of the ’508 Patent within the United States during the pendency of the ’508 Patent, including at least claims 1, 3, 6, 7, 11, 13, 15, 16, 19 and 20 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Accused Infringing Devices.

13. Should use of the Accused Infringing Devices be found to not literally infringe the asserted claims of the ’508 Patent, use of the Accused Infringing Devices would nevertheless infringe the asserted claims of the ’508 Patent. More specifically, the Accused Infringing Devices perform substantially the same function (counting steps or other periodic human motions), in substantially the same way (using components such pedometers, gyroscopes and accelerometers, processors to detect motion and associated software), to yield substantially the same result (providing a calculation of the distance traveled by monitoring accelerations relative to the dominant axis). Huawei would thus be liable for direct infringement under the doctrine of equivalents.

14. Huawei has indirectly infringed, and continues to indirectly infringe, at least claims 1, 3, 6, 7, 11, 13, 15, 16, 19 and 20 of the ’508 Patent within the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Accused Infringing Devices having the functionality described in this Count. Huawei’s customers who use such devices in accordance with Huawei’s instructions directly infringe claims 1, 3, 6, 7, 11, 13, 15, 16, 19 and 20 of the ’508 Patent in violation of 35 U.S.C. § 271. Huawei directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.huawei.com, including:

  www.huawei.com/en/

  www.consumer.huawei.com/en/phones/

  www.consumer.huawei.com/en/tablets/

  www.consumer.huawei.com/en/wearables/

- http://download-cl.huawei.com
- www.youtube.com, including:

  www.youtube.com/user/huawei

Huawei is thereby liable for infringement of the ’508 Patent under 35 U.S.C. § 271(b).

15. Huawei has indirectly infringed, and continues to indirectly infringe, at least claims 1, 3, 6, 7, 11, 13, 15, 16, 19 and 20 of the ’508 Patent within the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention,

knowing the same to be especially made or especially adapted for use in infringing the ’508 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

16. Huawei will have been on notice of the ’508 Patent since, at the latest, the service of this complaint upon Huawei. By the time of trial, Huawei will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1, 3, 6, 7, 11, 13, 15, 16, 19 and 20 of the ’508 Patent.

17. Huawei may have infringed the ’508 Patent through other devices and software utilizing the same or reasonably similar functionality, including through the sale and distribution of third party apps that function to monitor motion as described above. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

18. Uniloc has been damaged by Huawei’s infringement of the ’508 Patent.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 8,712,723)

19. Uniloc incorporates paragraphs 1-7 above by reference.

20. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,712,723 (“the ’723 Patent”), entitled HUMAN ACTIVITY MONITORING DEVICE that issued on April 29, 2014. A true and correct copy of the ’723 Patent is attached as Exhibit B hereto.

21. Uniloc USA is the exclusive licensee of the ’723 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

22. Huawei manufactures, uses, sells, offers for sale and/or imports into the United States the Accused Infringing Devices.

23. Huawei has directly infringed, and continues to directly infringe, one or more claims of the ’723 Patent within the United States during the pendency of the ’723 Patent, including

at least claims 1, 5, 6, 10, 12, 14, 16, and 17 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Accused Infringing Devices.

24. Should use of the Accused Infringing Devices be found to not literally infringe the asserted claims of the ’723 Patent, use of the Accused Infringing Devices would nevertheless infringe the asserted claims of the ’723 Patent. More specifically, the Accused Infringing Devices perform substantially the same function (counting steps or other periodic human motions), in substantially the same way (using components such as pedometers, gyroscopes, accelerometers, processors to detect motion and associated software), to yield substantially the same result (providing a calculation of the distance traveled when accelerations showing a motion cycle that meets motion criteria is detected). Huawei would thus be liable for direct infringement under the doctrine of equivalents.

25. Huawei has indirectly infringed, and continues to indirectly infringe, at least claims 1, 5, 6, 10, 12, 14, 16, and 17 of the ’723 Patent within the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Accused Infringing Devices having the functionality described in this Count. Huawei’s customers who use such devices in accordance with Huawei’s instructions directly infringe claims 1, 5, 6, 10, 12, 14, 16, and 17 of the ’723 Patent in violation of 35 U.S.C. § 271. Huawei directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.huawei.com, including:

    www.huawei.com/en/

    www.consumer.huawei.com/en/phones/

www.consumer.huawei.com/en/tablets/

www.consumer.huawei.com/en/wearables/

- http://download-cl.huawei.com
- www.youtube.com, including:

www.youtube.com/user/huawei

Huawei is thereby liable for infringement of the ’723 Patent under 35 U.S.C. § 271(b).

26. Huawei has indirectly infringed, and continues to indirectly infringe, at least claims 1, 5, 6, 10, 12, 14, 16, and 17 of the ’723 Patent within the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the ’723 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

27. Huawei will have been on notice of the ’723 Patent since, at the latest, the service of this complaint upon Huawei. By the time of trial, Huawei will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1, 5, 6, 10, 12, 14, 16, and 17 of the ’723 Patent.

28. Huawei may have infringed the ’723 Patent through other software and devices utilizing the same or reasonably similar functionality, including through the sale and distribution of third party apps that function to monitor motion as described above. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

29. Uniloc has been damaged by Huawei’s infringement of the ’723 Patent.

**COUNT III**
(INFRINGEMENT OF U.S. PATENT NO. 7,881,902)

30. Uniloc incorporates paragraphs 1-7 above by reference.

31. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,881,902 (“the ’902 Patent”), entitled HUMAN ACTIVITY MONITORING DEVICE that issued on February 1, 2011. A true and correct copy of the ’902 Patent is attached as Exhibit C hereto.

32. Uniloc USA is the exclusive licensee of the ’902 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

33. Huawei manufactures, uses, sells, offers for sale and/or imports into the United States the Accused Infringing Devices.

34. Huawei has directly infringed, and continues to directly infringe one or more claims of the ’902 Patent within the United States during the pendency of the ’902 Patent, including at least claims 1-4 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Accused Infringing Devices.

35. Should use of the Accused Infringing Devices be found to not literally infringe the asserted claims of the ’902 Patent, use of the Accused Infringing Devices would nevertheless infringe the asserted claims of the ’902 Patent. More specifically, the Accused Infringing Devices perform substantially the same function (detecting motion or other user activity), in substantially the same way (using components such pedometers, gyroscopes, accelerometers, processors to detect motion and associated software), to yield substantially the same result (detecting motion and when the motion does not have a motion signature of a user activity that the mobile device is configured to monitor, entering a sleep mode). Huawei would thus be liable for direct infringement under the doctrine of equivalents.

36. Huawei has indirectly infringed, and continues to indirectly infringe at least claims 1-4 of the ’902 Patent within the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Accused Infringing Devices having the functionality described in this Count. Huawei’s customers who use such devices in accordance with Huawei’s instructions directly infringe claims 1-4 of the ’902 Patent in violation of 35 U.S.C. § 271. Huawei directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.huawei.com, including:

    www.huawei.com/en/

    www.consumer.huawei.com/en/phones/

    www.consumer.huawei.com/en/tablets/

    www.consumer.huawei.com/en/wearables/

- http://download-cl.huawei.com
- www.youtube.com, including:

    www.youtube.com/user/huawei

Huawei is thereby liable for infringement of the ’902 Patent under 35 U.S.C. § 271(b).

37. Huawei has indirectly infringed, and continues to indirectly infringe, at least Claims 1-4 of the ’902 Patent within the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or

especially adapted for use in infringing the ’902 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

38. Huawei will have been on notice of the ’902 Patent since, at the latest, the service of this complaint upon Huawei. By the time of trial, Huawei will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1-4 of the ’902 Patent.

39. Huawei may have infringed the ’902 Patent through other software and devices utilizing the same or reasonably similar functionality, including through the sale and distribution of third party apps that function to monitor motion as described above. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

40. Uniloc has been damaged by Huawei’s infringement of the ’902 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Huawei as follows:

(A) declaring that Huawei has infringed the ’508 Patent, the ’723 Patent and the ’902 Patent;

(B) awarding Uniloc its damages suffered as a result of Huawei’s infringement of the ’508 Patent, the ’723 Patent and the ’902 Patent;

(C) awarding Uniloc its costs, attorneys’ fees, expenses and interest, and

(D) granting Uniloc such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: November 9, 2017

Respectfully submitted,

*/s/ Edward R. Nelson III*

Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron S. Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: rgilman@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com
Email: dmcgonagle@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**