**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>HUAWEI DEVICE USA, INC. and<br>HUAWEI DEVICE CO., LTD.,<br><br>Defendants. | Case No. 2:17-cv-00737-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS'ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' ORIGINAL COMPLAINT**

Defendants Huawei Device USA, Inc. and Huawei Device Co., Ltd. (collectively "Huawei"), hereby submit their Answer and Affirmative Defenses to the Original Complaint of Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc") for Patent Infringement ("Complaint"). Huawei denies all allegations in the Complaint not specifically admitted below. In responding to the Complaint, Huawei uses the headings employed by Uniloc strictly as a convenience to the Court, and does not admit any allegation made in, or inference suggested by, such headings.

Uniloc states that this Complaint is aganst "defendant, Huawei Amercia, Inc. ('Huawei')." However, "Huawei Amercia, Inc. ('Huawei')" is not a party to this action. In responding Uniloc's Complaint, Huawei assumes that the "Huawei" referenced by Uniloc in the Complaint refers to Huawei Device USA, Inc. and Huawei Device Co., Ltd., collectively.

Huawei answers the numbered paragraphs of the Complaint as follows:

## THE PARTIES

1. Huawei is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2. Huawei is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. Huawei admits that Huawei Device USA, Inc. ("Huawei USA") is a Texas corporation having a principal place of business in Plano, Texas 75024, and a registred agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Huawei denies that the address of Huawei USA is 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024. The remaining allegations in this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, Huawei denies each and every allegation of Paragraph 3.

4. Huawei admits that Huawei Device Co., Ltd. ("Huawei China") is a Chinese company having a principal place of business in Bantian, Longgang District, Shenzhen, 518129 China. The remaining allegations in this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, Huawei denies each and every allegation of Paragraph 4.

## JURISDICTION AND VENUE

5. Huawei admits that this purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 et seq. Huawei specifically denies any alleged infringement and further denies that Uniloc is entiteld to any of the requested relief. Huawei admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action for alledge patent infringement arising under the United States patent statues.

6. Huawei does not contest that, for purposes of this action only, this Court has personal jurisdiction over Huawei USA or that Huawei USA is incorporated in Texas. Huawei denies any and all remaining allegations in Paragraph 6.

7. Huawei does not contest that, for the purposes of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, venue is technically proper in this District pursuant to 28 U.S.C. §1400(b) with respect to Huawei USA and pursuant to 28 U.S.C. §1391(c)(3) with respect to Huawei China. However, Huawei denies that this District is the most appropriate or convenient forum, and Huawei reserves its right to seek transfer pursuant to 28 U.S.C. § 1404. Huawei denies any and all remaining allegations in Paragraph 7.

## COUNT I
([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,653,508)

8. Huawei incorporates by reference each of the foregoing Paragraphs 1-7 as if fully set forth herein.

9. Huawei states that Exhibit A speaks for itself. Huawei otherwise denies any and all remaining allegations in Paragraph 9.

10. Huawei is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. Huawei states that the allegations in Paragraph 11 contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies that Huawei sells the electronic devices as listed in Paragraph 11 in the United States. Huawei denies any and all remaining allegations in Paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Huawei admits that it became aware of the '508 Patent as of the date of the service of this Complaint or a corresponding Waiver of Service. Huawei denies any and all remaining allegations of Paragraph 16.

17. Denied.

18. Denied.

**COUNT II**

([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,712,723)

19. Huawei incorporates by reference its answers to the allegations in Paragraphs 1-18 as if fully set forth herein.

20. Huawei states that Exhibit B speaks for itself. Huawei otherwise denies any and all remaining allegations in Paragraph 20.

21. Huawei is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22. Huawei states that the allegations in Paragraph 22 contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies that Huawei sells the electronic devices as listed in Paragraph 22 in the United States. Huawei denies any and all remaining allegations in Paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Huawei admits that it became aware of the ‘723 Patent as of the date of the service of this Complaint or a corresponding Waiver of Service. Huawei denies any and all remaining allegations of Paragraph 27.

28. Denied.

29. Denied.

**COUNT III**
([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,881,902)

30. Huawei incorporates by reference its answers to the allegations in Paragraphs 1-29 as if set forth herein.

31. Huawei states that Exhibit C speaks for itself. Huawei otherwise denies any and all remaining allegations in Paragraph 31.

32. Huawei is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. Huawei states that the allegations in Paragraph 33 contain legal conclusions that require no answer. To the extent an answer is required, Huawei denies that Huawei sells the electronic devices as listed in Paragraph 33 in the United States. Huawei denies any and all remaining allegations in Paragraph 33.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Huawei admits that it became aware of the ‘902 Patent as of the date of the service of this Complaint or a corresponding Waiver of Service. Huawei denies any and all remaining allegations of Paragraph 38.

39. Denied.

40. Denied.

## PRAYER FOR RELIEF

Huawei denies that Uniloc is entitled to any of the relief sought in its prayer for relief.

## DEMAND FOR JURY TRIAL

This sentence contains a demand for jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Huawei alleges and asserts the following defenses in response to the allegations of the Complaint. Regardless of how such defenses are listed herein, Huawei undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the affirmative defenses described below, Huawei reserves the right to amend or raise additional affirmative defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Non-infringement)

1. Huawei does not infringe and has not infringed, directly, indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of the ’508 Patent, ’723 Patent, or ’902 Patent (collectively “the Patents-in-Suit”).

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2. One or more claims of the Patents-in-Suit are invalid, unenforceable or void for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
**(Equitable Defenses)**

3. Uniloc's claims are barred, in whole or in part, by the doctrines of waiver, implied waiver, laches, acquiescence, equitable estoppel, unclean hands, and/or other equitable defenses.

**FOURTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

4. Pursuant to the requirements of 35 U.S.C. §§ 286-288, Uniloc's ability to recover damages and/or costs is limited. Without limitation, Huawei alleges on information and belief that any claim for damages for patent infringement by Uniloc is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of infringement to Huawei.

**FIFTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

5. Uniloc's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

**SIXTH AFFIRMATIVE DEFENSE**
**(28 U.S.C. § 1498)**

6. Uniloc's claims of patent infringement are barred in whole or in part by 28 U.S.C. § 1498 to the extent Uniloc claims infringement of devices sold to and/or designed for the United States.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Exceptional Case)**

7. Uniloc cannot prove that this is an exceptional case justifying award of attorney fees against Huawei pursuant to 35 U.S.C. § 285.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Express License, Implied License, Patent Exhaustion, and/or the Single Recovery Rule)**

8. To the extent any of the Patents-in-Suit have been licensed to a supplier or customer

of Huawei, Uniloc's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, patent exhaustion, and/or the single recovery rule.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to Mark)**

9. Uniloc's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

**TENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

10. The Complaint has failed to state a claim upon which relief can be granted.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Injunction Relief)**

11. Uniloc is not entitled to any injunctive relief because any alleged injury to Uniloc is neither immediate nor irreparable, and Uniloc has adequate remedies at law.

## COUNTERCLAIMS

Huawei Device USA, Inc. and Huawei Device Co., Ltd. (collectively "Huawei") assert the following counterclaims against Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc").

## THE PARTIES AND NATURE OF THE ACTION

1. Huawei Device USA, Inc. ("Huawei USA") is a Texas corporation having a principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.

2. Huawei Device Co., Ltd ("Huawei China") is a Chinese company having a principal place of business in Bantian, Longgang District, Shenzhen, 518129 China.

3. In its Complaint, Uniloc states that Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024, as well as a place of business at 102 N. College, Suite 303, Tyler,

Texas 75702.

4. In its Complaint, Uniloc states that Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

5. This is a Declaratory Judgment action for a declaration of non-infringement and invalidity of United States Patent Nos. 7,653,508 ("the '508 Patent"), 8,712,723 ("the '723 Patent), and 7,881,902 ("the '902 Patent") (collectively the "Patents-in-Suit").

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over Huawei's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201–2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Counterclaim also arises under the patent laws of the United States, Title 35, United States Code.

7. Uniloc has submitted to personal jurisdiction of this Court through the filing of its Complaint against Huawei.

8. Venue is technically proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Uniloc has submitted to the venue of this Court by filing its Complaint here. However, this District is not necessarily the most convenient forum for this action to be heard, and Huawei reserves all rights to seek a transfer under 28 U.S.C. § 1404.

**COUNT I – DECLARATION OF INVALIDITY OF THE '508 PATENT**

9. The allegations of Paragraphs 1 through 8 of this Counterclaim are restated and incorporated herein by reference.

10. An actual and justiciable controversy has arisen and now exists between Huawei

and Uniloc concerning whether the ’508 Patent is valid. By its Complaint, Uniloc has asserted that the claims of the’508 Patent are valid.

11. Huawei has asserted that one or more claims of the ’508 Patent are invalid. One or more claims of the ‘508 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. Absent a declaration that the claims of the ’508 Patent are invalid, Uniloc will continue to wrongfully assert the ’508 Patent against Huawei in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Huawei irreparable injury and damage.

13. Because the above activities and actions have created an actual and justiciable controversy, Huawei seeks a declaration that the ’508 Patent is invalid.

**COUNT II – DECLARATION OF NON-INFRINGEMENT OF THE ’508 PATENT**

14. The allegations of Paragraphs 1 through 13 of this Counterclaim are restated and incorporated herein by reference.

15. An actual and justiciable controversy has arisen and now exists between Huawei and Uniloc concerning the ’508 Patent. By its Complaint, Uniloc has asserted that Huawei has infringed one or more claims of the ’508 Patent.

16. Huawei has denied Uniloc’s claims of infringement. Huawei does not and has not infringed, directly, indirectly, literally or by the doctrine of equivalents, any valid claim of the ’508 Patent.

17. Absent a declaration that Huawei does not infringe any valid claim of the ’508 Patent, Uniloc will continue to wrongfully assert the ’508 Patent against Huawei in violation of

the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Huawei irreparable injury and damage.

18. Because the above actions and activities have created an actual and justiciable controversy, Huawei seeks a declaration that it does not and has not infringed, directly or indirectly, any valid claim of the ’508 Patent either literally or under the doctrine of equivalents.

**COUNT III – DECLARATION OF INVALIDITY OF THE ’723 PATENT**

19. The allegations of Paragraphs 1 through 18 of this Counterclaim are restated and incorporated herein by reference.

20. An actual and justiciable controversy has arisen and now exists between Huawei and Uniloc concerning whether the ’723 Patent is valid. By its Complaint, Uniloc has asserted that the claims of the’723 Patent are valid.

21. Huawei has asserted that one or more claims of the ’723 Patent are invalid. One or more claims of the ‘723 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

22. Absent a declaration that the claims of the ’723 Patent are invalid, Uniloc will continue to wrongfully assert the ’723 Patent against Huawei in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Huawei irreparable injury and damage.

23. Because the above activities and actions have created an actual and justiciable controversy, Huawei seeks a declaration that the ’723 Patent is invalid.

**COUNT IV – DECLARATION OF NON-INFRINGEMENT OF THE ’723 PATENT**

24. The allegations of Paragraphs 1 through 23 of this Counterclaim are restated and

incorporated herein by reference.

25. An actual and justiciable controversy has arisen and now exists between Huawei and Uniloc concerning the ’723 Patent. By its Complaint, Uniloc has asserted that Huawei has infringed one or more claims of the ’723 Patent.

26. Huawei has denied Uniloc’s claims of infringement. Huawei does not and has not infringed, directly, indirectly, literally or by the doctrine of equivalents, any valid claim of the ’723 Patent.

27. Absent a declaration that Huawei does not infringe any valid claim of the ’723 Patent, Uniloc will continue to wrongfully assert the ’723 Patent against Huawei in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Huawei irreparable injury and damage.

28. Because the above actions and activities have created an actual and justiciable controversy, Huawei seeks a declaration that it does not and has not infringed, directly or indirectly, any valid claim of the ’723 Patent either literally or under the doctrine of equivalents.

**COUNT V – DECLARATION OF INVALIDITY OF THE ’902 PATENT**

29. The allegations of Paragraphs 1 through 28 of this Counterclaim are restated and incorporated herein by reference.

30. An actual and justiciable controversy has arisen and now exists between Huawei and Uniloc concerning whether the ’902 Patent is valid. By its Complaint, Uniloc has asserted that the claims of the’902 Patent are valid.

31. Huawei has asserted that one or more claims of the ’902 Patent are invalid. One or more claims of the ‘902 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C.

§§ 101, 102, 103, and/or 112.

32. Absent a declaration that the claims of the ’902 Patent are invalid, Uniloc will continue to wrongfully assert the ’902 Patent against Huawei in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Huawei irreparable injury and damage.

33. Because the above activities and actions have created an actual and justiciable controversy, Huawei seeks a declaration that the ’902 Patent is invalid.

**COUNT VI – DECLARATION OF NON-INFRINGEMENT OF THE ’902 PATENT**

34. The allegations of Paragraphs 1 through 33 of this Counterclaim are restated and incorporated herein by reference.

35. An actual and justiciable controversy has arisen and now exists between Huawei and Uniloc concerning the ’902 Patent. By its Complaint, Uniloc has asserted that Huawei has infringed one or more claims of the ’902 Patent.

36. Huawei has denied Uniloc’s claims of infringement. Huawei does not and has not infringed, directly, indirectly, literally or by the doctrine of equivalents, any valid claim of the ’902 Patent.

37. Absent a declaration that Huawei does not infringe any valid claim of the ’902 Patent, Uniloc will continue to wrongfully assert the ’902 Patent against Huawei in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Huawei irreparable injury and damage.

38. Because the above actions and activities have created an actual and justiciable controversy, Huawei seeks a declaration that it does not and has not infringed, directly or indirectly, any valid claim of the ’902 Patent either literally or under the doctrine of equivalents.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Huawei demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Huawei prays that the Court enter judgment in its favor and against Uniloc and grant the following relief:

A. Dismiss the Complaint with prejudice and denying each and every prayer for relief contained therein;

B. Declare that none of the claims of the Patents-in-Suit are directly, indirectly or jointly infringed by the use, sale or offer for sale of any of Huawei's services or products or any other activity attributable to Huawei, either literally or under the doctrine of equivalents;

C. Declare that the claims of the Patents-in-Suit are invalid;

D. Declare that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Huawei;

E. Declare that Uniloc is not entitled to any injunctive relief against Huawei; and

F. Grant Huawei such further relief as this Court may deem necessary, just or proper.

Dated: February 13, 2018

Respectfully submitted,

*<u>/s/ Jason W. Cook</u>*

Jason W. Cook
Texas State Bar No. 24028537
Shaun W. Hassett
Texas State Bar No. 24074372
McGuireWoods LLP
2000 McKinney Avenue
Suite 1400

Dallas, TX 75201
Telephone: (214) 932-6400
Facsimile: (214) 273-6499
jcook@mcguirewoods.com
shassett@mcguirewoods.com

*Attorneys for Huawei Device USA, Inc. and Huawei Device Co. Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 13th day of February, 2018, via CM/ECF.

*/s/ Jason W. Cook*
Jason W. Cook